953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry SMITH, Plaintiff-Appellant,
v.
Merrill L. ELKINS, Chairman, et al., Defendant-Appellees.
 No. 90-15610.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 8, 1991.
Decided Jan. 22, 1992.
 
 1
 Before REINHARDT and FERNANDEZ, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 This action concerns two occasions on which Smith was punished for praying aloud in Arabic in his cell at Halawa High Security Facility, Honolulu, Hawaii. Smith has been a practicing Muslim since approximately seven years prior to the events giving rise to this action; he was a Muslim before he entered Halawa, a maximum security penitentiary. At the time of the incidents, Smith was in a single cell in the 12-cell Special Holding Unit. In the unit, prison officials constantly monitor inmates' conversations by intercom.
 
 
 4
 On February 1, 1989, Smith recited "the Adhan," the Islamic call to prayer. All Muslims are commanded by the Qur'an to pray aloud at five specific times each day. Following the Adhan, Demont Conner, another Muslim inmate in the Special Holding Unit, began to pray aloud along with Smith.
 
 
 5
 Upon hearing Smith, a prison official ordered him to cease speaking in a foreign language. Defendants contend that both inmates were "talking to each other in what appeared to be a foreign language." Smith was ordered to speak English because he was violating Rule 46 of the Inmate Handbook which states in part: "Inmates shall communicate in the English language only; including telephone calls, visits, and letters." When Smith disregarded the correctional officer's orders to be silent, he was charged with a disciplinary offense, violation of rule 17-201-8(11), Hawaii Administrative Rules, which prohibits an inmate from refusing to obey an order of any staff member. On February 17, 1989, after a hearing before the Adjustment Committee, Smith was found guilty of "speaking in a foreign language, Arabic." As a result, Smith served 14 days of disciplinary segregation. Smith was charged with the same offense for praying aloud on February 12, 1989. He was sentenced to an additional 14 days of disciplinary segregation.
 
 
 6
 Smith maintains that he and Conner were not conversing but were praying in Arabic using their respective copies of a book of Muslim prayers for English-speaking persons. Also, evidence indicates DeMont Conner had just started to learn Arabic and therefore, Smith maintains that they were incapable of conversing in Arabic.
 
 
 7
 Smith filed suit under § 1983 against the members of the Adjustment Committee Hearing Board of the Halawa High Security Facility, Merrill Elkins, et al., ("defendants"). He sought declaratory and injunctive relief as well as compensatory and punitive damages. Smith alleged violations of his first, fourth, fifth, eighth, and fourteenth amendment rights.
 
 
 8
 The parties made cross-motions for summary judgment and the case was assigned to a Magistrate who filed a Report and Recommendation to grant the defendants' motion and deny the plaintiff's. The district court adopted the Magistrate's Report and Recommendation, and judgment was entered against Smith. Smith appeals, arguing that there were genuine issues of material fact with respect to each of his three constitutional claims--free exercise, equal protection, and due process.[1] He also contends that the prison officials are not entitled to qualified immunity.
 
 
 9
 * Construing the facts most favorably to Smith, as we must on a motion for summary judgment, see Leer v. Murphy, 844 F.2d 628, 631 (9th Cir.1988), we assume that he was punished after refusing to stop praying in Arabic. The order Smith ignored asserted that he was in violation of Rule 46 of the Inmate Handbook which commands that "Inmates shall communicate in the English language only; including telephone calls, visits, and letters." The order was valid, therefore, only if this disciplinary rule may constitutionally be applied to Smith's conduct.[2]
 
 
 10
 It is a fundamental element of due process that conduct may be punished under a rule only if that rule proscribes the conduct. It seems clear that Rule 46 does not apply to prayer. We believe that the plain meaning of the rule forbids the non-English interchange of information between or among humans, not between humans and their Gods. If the rule were intended to apply to "communication" with celestial beings, certainly the term "prayer" would have been used. Nor do the examples provided in the rule--telephone calls, visits, and letters--suggest a more divine meaning.
 
 
 11
 In addition, even if the interpretation of the rule could somehow be stretched so as to include prayer, we would hold that the due process clause would forbid the implementation of such a construction. The due process clause forbids the state to impose punishment on the basis of an unexpected and unusual interpretation of plain language. See Bouie v. City of Columbia, 378 U.S. 347, 352 (1964). The language of Rule 46 clearly proscribes only inter-personal communication, and the examples accompanying the rule reinforce such reading. Had the state desired to proscribe praying aloud, language clearly proscribing such conduct could been included in the rule.[3] See United States v. Petrillo, 332 U.S. 1, 7 (1947) (upholding a law against a void-for-vagueness challenge because no "[c]learer and more precise language.... occurs to us, nor has any better language been suggested, effectively to carry out what appears to have been the Congressional purpose"). The interpretation of Rule 46 the state seeks would be most unexpected and highly unusual. Accordingly, the district court's conclusion that Rule 46 may constitutionally be applied to prayer is erroneous and must be reversed.
 
 II
 
 12
 The defendants maintain that, even if Smith's constitutional rights were violated, they are immune from suit. It is true that government officials performing discretionary functions enjoy a qualified immunity insofar as their conduct does not violate statutory or constitutional rights of which a reasonable person should have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As indicated by our discussion above, we believe a reasonable official would know that a regulation forbidding communications in a foreign language does not forbid prayer. Thus, the defendants cannot assert the defense of qualified immunity based on uncertainty in the law or the law's application to this case.
 
 
 13
 Nevertheless, the defendants may still be entitled to qualified immunity. The proper question is whether, at the time of the challenged conduct, "a reasonable official would understand that what he is doing violates" the plaintiffs rights. Anderson v. Creighton, 483 U.S. 635, 640 (1987). Thus, if a reasonable official would have thought that Smith was not praying but rather was simply communicating with humans regarding earthly subjects, the defendants would be entitled to qualified immunity. However, the defendants have not asserted this as a defense, and neither the magistrate nor the district court considered it. We therefore express no view on its merits.[4]
 
 
 14
 For the foregoing reasons, the grant of summary judgment is reversed and the case is remanded for further proceedings consistent with this disposition.
 
 
 15
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DISPOSITION.
 
 
 
 *
 The Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of Smith's appeal, we do not reach his free exercise or equal protection claim. We simply reverse the summary judgment order in its entirety
 
 
 [2]
 Defendants contend initially that Smith was punished not for praying in Arabic but for disobeying orders. There is, at the very least, a factual question as to whether Smith was punished for the reasons now offered by defendants. The misconduct report lists his offense as "speaking in a foreign language, Arabic." This would appear inconsistent with the defendants' present assertion that Smith was not punished for using Arabic
 
 
 [3]
 Of course, we indicate no view regarding the constitutionality of such a proscription
 
 
 [4]
 We do not hold that there can be no other possible grounds of qualified immunity for one or more of the defendants. However, since those grounds, if any, have not been developed at this time, we, of course, express no view on their merits